**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Cassady A. Adams
Assistant U.S. Attorney
Cassady.Adams@usdoj.gov
(503) 727-1000
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Natalie K. Wight
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

November 20, 2024

Tihanne Mar-Shall
Office of the Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204

> Re:    *United States v. Alondra Stephanie Trujillo*
>        Case No. 3:23-cr-00335-MO
>        Rule 11(c)(1)(A),(B) Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**: The defendant agrees to plead guilty to Count One of the Indictment, which charges the crime of distribution of fentanyl, in violation of 21 U.S.C. § 841(a)(1),(b)(1)(C).

3.    **Penalties**: The maximum sentence for distribution of fentanyl, as charged in Count One of the Indictment, is 20 years custody, a $1,000,000 fine, at least 3 years of supervised release, and a $100 special assessment.

Defendant agrees to pay the $100 fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

4.    **No Prosecution**: The USAO agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

The USAO has communicated with the United States Attorney's Office for the Western District of Washington (USAO-WDWA). The USAO-WDWA has agreed to forego prosecution of the defendant for the offenses outlined in discovery in this case that occurred in the Western District of Washington if the defendant accepts this plea agreement in this case.

Tihanne Mar-Shall
Alondra Trujillo Plea Agreement Letter
Page 2

5.      **Elements and Factual Basis**:  In order for defendant to be found guilty of Count One of the Indictment, the government must prove the following elements beyond a reasonable doubt:

First, on or about July 11, 2020, in the District of Oregon, the defendant knowingly distributed a mixture or substance containing a detectable amount of N-phenyl-N- [1- ( 2 phenylethyl )-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance.

Second, the defendant knew that it was fentanyl or some other federally controlled substance.

Defendant admits the elements of the offense alleged in Count One of the Indictment.

The following facts are true and undisputed:

On July 12, 2020, law enforcement responded to an emergency call in Woodburn, Oregon for two young adult men who were unresponsive at their home. On scene, investigators found Adult Victim 1 and Adult Victim 2, who were ultimately pronounced dead. Through further investigation, law enforcement learned that the defendant, Alondra Trujillo, travelled from Washington to the District of Oregon and sold approximately 7-8 fentanyl pills to Adult Victim 1 on July 11, 2020. Over the course of the next day, Adult Victim 1 and Adult Victim 2 consumed the fentanyl pills obtained from Trujillo, which caused their overdose deaths. Toxicology reports for Adult Victim 1 and Adult Victim 2 confirmed the presence of fentanyl in very high levels.

6.      **Sentencing Factors**:  The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). The parties agree that a Presentence Report (PSR) will be prepared and will not be waived.  Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.      **Relevant Conduct**:  The parties agree that the defendant's relevant conduct pursuant to USSG §§ 2D1.1(a)(5) and 2D1.1(c)(12) is a base offense level of 16, prior to adjustments.

8.      **Acceptance of Responsibility**:  Defendant must demonstrate to the Court that she fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for her unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen).  The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

10.     **Additional Departures, Adjustments, or Variances**:

Tihanne Mar-Shall
Alondra Trujillo Plea Agreement Letter
Page 3

A. The parties stipulate to a 14-level upward departure under USSG §5K2.1 for deaths of Adult Victim 1 and Adult Victim 2, which resulted from the offense.

B. If necessary, the USAO will recommend an additional upward variance to reach the intended government sentencing recommendation of 120 months' custody.

C. The parties stipulate to a 2-level downward variance under 18 U.S.C. § 3553(a), for early case resolution.

The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. Defendant reserves the right to seek a downward departure, adjustment, or variance from the applicable sentencing guideline range determined by the Court and understands that the government reserves its right to oppose such a request.

Defendant agrees that, should defendant seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, defendant will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if defendant fails to comply with this notice requirement, defendant will not oppose a government motion for a postponement of the sentencing hearing.

11.     **Sentencing Recommendation**: The government will recommend a sentence of 120 months custody, followed by three years of supervised release. *Defendant may argue for any lawful sentence.*

12.     **Restitution:** Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

Tihanne Mar-Shall
Alondra Trujillo Plea Agreement Letter
Page 4

---

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

## A. Transfer of Assets

Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

## B. Restitution

The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court. Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

13.    **Forfeiture:** By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 21 U.S.C. § 853, including:

- **One cellular phone with a glittery case**

which defendant admits constitute the proceeds of defendant's criminal activity; or were used to facilitate defendant's criminal activity; in violation of 21 U.S.C. § 841(a)(1), as set forth in Count One of the Indictment.

Tihanne Mar-Shall
Alondra Trujillo Plea Agreement Letter
Page 5

---

B.    **Agreement to Civil Forfeiture**: Defendant agrees not to file a claim or withdraw any claim already filed to any of the property in the custody of HIS/CBP, in any civil proceeding, administrative or judicial, which has been initiated in connection with this criminal matter.  Defendant further waives the right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

C.    **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets.  Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure.  Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

D.    **Assets Not Identified**: The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible, are subject to forfeiture.

E.    **Final Order of Forfeiture**: Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

14.    **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guideline Chapter 4, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal.  Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).  In the event that defendant's conviction under this agreement is vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

15.    **Court Not Bound**:  The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer.  Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

Tihanne Mar-Shall
Alondra Trujillo Plea Agreement Letter
Page 6

16.     **Full Disclosure/Reservation of Rights**:  The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case.  Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

17.     **Breach of Plea Agreement**:  If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

        If defendant believes that the government has breached the plea agreement, he must raise any such claim before the district court, either prior to or at sentencing.  If defendant fails to raise a breach claim in district court, he has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

18.     **Memorialization of Agreement**:  No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court.  If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

19.     **Deadline**:  This plea offer expires if not accepted by December 1, 2024 at 5:00 p.m.

Sincerely,

NATALIE K. WIGHT
United States Attorney

*/s/ Cassady A. Adams*
CASSADY A. ADAMS
Assistant United States Attorney

        I have carefully reviewed every part of this agreement with my attorney.  I understand and voluntarily agree to its terms.  I expressly waive my rights to appeal as outlined in this agreement.  I wish to plead guilty because, in fact, I am guilty.

5/13/25
Date

ALONDRA STEPHANIE TRUJILLO
Defendant

//

Tihanne Mar-Shall
Alondra Trujillo Plea Agreement Letter
Page 7

I represent the defendant as legal counsel.  I have carefully reviewed every part of this agreement with defendant.  To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

5/13/25
Date

TIHANNE MAR-SHALL
Attorney for Defendant

Matthew McHenry